Catron, Ch. J.
delivered the opinion of the court.
In May, 1825, Walker, the intestate, collected as agent for Dr. Hawkins, of N. C. $S5. No communication took place between him and Walker; they had been acquainted in N. C. Capt. William Walker died, and on the 17th October, 1829, this suit in assumpsit was brought against Samuel Walker, his administrator, for the money.
The statute of limitations of three years was pleaded, and issue taken on the plea.
The plaintiff’s counsel insisted that the statute would not run in favor of an agent who had collected money for his principal; at any rate, not until the agent was called upon to pay the money and refused or neglected to do so.
But the court charged the jury, “that if there was no promise made by the deceased, Walker, or the administrator, within three years before the bringing of the suit, and the money had been received by defendant, intestate, more than three years before the institution of the suit, *191 the statute of limitations would be a bar to the plaintiff’s demand. That this cause was not distinguishable from the cases recently decided by the supreme court, on the statute of limitations, &c. Thejuiy found for the defendant.
We think the charge of the court was uncommonly accurate, and that this case cannot be distinguished in principle, from that of Cocke and Jack vs. M’Ginnis, Martin and Yerger’s Rep. 361.
Since the delivery of the opinion above, the court has again, as desired, looked into the cause, on this ground, “that no suit could be brought in this cause, until the money was demanded, and that the statute began to run from that time.”
This would put it into the plaintiff’s power in every case, where money is received to another’s use, to control the operations of the statute at his pleasure. If Walker was not subject to be sued until special request, it was necessary to state this request specially 'in the declaration, and prove it. Chitty’s Plead. 322. To whom the request was made, and the time and place of making it, must be set forth, so that the court may judge of its sufficiency. Chitty’s Plead. 324-5. In cases where a special request is not necessary, the suit is all the law requires, and the general request is a mere formality. The averment of a special request, setting out persons, time and place, is unknown in pleading, in cases where the suit is for money had and received to the plaintiff’s use. The declaration in this cause has no such averment. It alleges Wm. Walker had in his lifetime received the money to the plaintiff’s use; in consideration whereof, he undertook and faithfully promised to pay. The proof is, Walker did collect and receive the money for plaintiff; that this was sufficient to authorize a recovery against the defendant, the statute of limitations aside, we think free from doubt, and for this reason: if A as the agent of B, collects his money, the agent *192 knows he has done so. He must be the actor. It is his . ' . duty to deliver it to the true owner, just as much as it is the duty of the debtor to pay when the debt falls due.
It is not consistent with good morals, nor is it the law of the land, that the creditor must find the debtor, and ask for his money.
The cause of Smith vs. Whiteside, decided at the present term, presented the above question. Whiteside as an attorney at law, had collected the money of Smith and Hall, and retained a part of it more than six years; then his administrator was sued. It was not doubted there was cause of action, and the statute commenced its operation so soon as the money was received, because, then it was Whiteside’s duty to pay it over. That case and this, cannot be distinguished, and Jack and'Cocke vs. M’Ginnis, is stronger than either.
Judgment affirmed.